**CITY GROCERY CO. v. HALLMARK et al.**

No. 3373.

Court of Civil Appeals of Texas. Beaumont.

Jan. 11, 1939.

Rehearing Denied Jan. 25, 1939.

Sanders & McLeroy, of Center, for appellant.

J. R. Bogard and Joe J. Fisher, both of San Augustine, for appellees.

WALKER, Chief Justice.

On the 27th day of March, 1936, appellant, City Grocery Company, instituted this suit in county court of San Augustine County against appellees, C. M. Hallmark, et al., praying for judgment upon a promissory note in the principal sum of $201.80, an open account in the sum of $93.10, and for foreclosure of a chattel mortgage lien upon certain chattels described in appellant's petition, given by appellees to secure the payment of the alleged indebtedness. Appellant sued out a writ of sequestration and had the chattels seized under its writ. Appellees answered by demurrers and general denial, and by special pleas, admitting the amount of the note sued upon, that the writ of sequestration was wrongfully sued out, that appellant converted appellees' chattels; the value of the chattels was alleged. It was further alleged that appellees had done for appellant ninety-six days' work at $1 per day; it was further alleged that appellant instituted its suit before the maturity of appellees' indebtedness.

On trial to the court without a jury, the court found that appellant's suit "was prematurely filed"; facts constituting a conversion by appellant of appellees' chattels and assessed appellees' damages for conversion of the chattels at $472; the amount of appellant's open account against appellees, and that this account was "paid and satisfied by the labor bill" of appellees. The amount of appellees' note was found as an indebtedness against them in favor of appellant. On the findings the court balanced the amount of appellant's claim against the damages assessed in favor of appellees, and entered judgment in favor of appellees against appellant for the sum of $270.20.

The fact findings of the judgment—that appellant's suit was "prematurely filed," that appellant converted appellees' chattels, that the value of the chattels at the time they were converted was $472, the amount assessed in favor of appellant on its open account and that this open account was paid by labor performed by appellees—have support in the evidence.

Appellant cannot complain of the ruling of the court on its special exceptions. It was not shown that it suffered surprise by these rulings, nor that any testimony offered by it was excluded by virtue of these rulings.

The court did not err in refusing to foreclose the mortgage in favor of appellant. Appellant's indebtedness against appellees was cancelled and extinguished.

The language of the mortgage accelerating the payment of the note—the suit was filed before the note matured,—and "waiving damages" was available to appellant only if it acted within the terms of the mortgage. Under the facts found by the court, appellant did not have the right to accelerate the payment of the note.

Appellant suffered no injury by the failure of appellees to introduce in evidence its writ of sequestration and bond —if, in fact, appellees failed to introduce these instruments—because no damages were awarded appellees on the bond and affidavit, and no judgment was awarded against the sureties on the bond.

The court did not err in off-setting appellees' labor claim against appellant's open account. Under the evidence the note, the open account, and the labor claim all grew out of a series of transactions between appellant and appellees, under a contract of tenancy.

The court did not commit reversible error in receiving the following testimony: "Q. I will ask you whether or not you feel like you have been damaged the difference between the value of your property and the amount you owe the Commercial State Bank. A. Yes, and then some."

The case was tried to the court without a jury, and insofar as this testimony was inadmissible, it will be presumed that the judge disregarded it in entering his judgment.

The court did not err in refusing to permit F. R. Parker, a witness offered by it, to answer the following question: "Q. Did you ever give defendant or anyone else permission to move the property from where it was at the time of the execution of the mortgage sued on?" The question was leading. Nor did the court err in refusing to permit this witness to answer the following question: "Did you act under the terms of the mortgage in taking charge of said property?" This question called for a conclusion by the witness, and a legal construction by him of the terms and conditions of the mortgage.

The judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.